**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR E. PFENDLER, | No. 16-16916 |
| Plaintiff-Appellant, | DC No. CV 14-377 HG |
| v. | |
| LIBERTY DIALYSIS-HAWAII, LLC, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Argued and Submitted June 11, 2018
Honolulu, Hawaii

Before:     TASHIMA, W. FLETCHER, and HURWITZ, Circuit Judges.

Plaintiff-Appellant Victor Pfendler was a Dialysis Technical Specialist

("DTS") employed by Defendant-Appellee Liberty Dialysis-Hawaii, LLC

("Liberty").  Pfendler suffered a non-work-related shoulder injury and was granted

medical leave in January 2012.  Between March and December 2012, Pfendler

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

asked to return to work with a lifting restriction that started at 30 pounds but lessened to 50 pounds. Liberty rejected these proposals, relying on its written job description that lifting 75 to 100 pounds is an "essential job function."

Pfendler sued, arguing that Liberty violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., by not allowing him to return to his DTS position. The district court granted Liberty's motion for summary judgment, concluding that Pfendler was not a "qualified individual" for the purposes of his discrimination claim. Specifically, the district court concluded that "[t]here is undisputed evidence that lifting more than 50 pounds was an essential function of" a DTS and that Pfendler could not lift this weight after his injury.[1]

We have jurisdiction under 28 U.S.C. § 1291 and review the grant of summary judgment *de novo*. *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 954 (9th Cir. 2013). We reverse and remand.

Viewing the facts in the light most favorable to Pfendler, the district court erred in concluding that it was undisputed that lifting more than 50 pounds was an essential function of a DTS.

---

[1] The district court assumed that Pfendler was disabled, and did not reach whether Pfendler suffered an adverse employment action.

Liberty "has the burden of production in establishing what job functions are essential . . . ." *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (citing *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 991 (9th Cir. 2007) (en banc)). "The Equal Employment Opportunity Commission (EEOC) regulations interpreting the ADA explain that a job's 'essential functions' are its 'fundamental' duties, not the 'marginal functions of the position.'" *Cripe v. City of San Jose*, 261 F.3d 877, 887 (9th Cir. 2001) (quoting 29 C.F.R. § 1630.2(n)(1)).

There is a material dispute about whether lifting more than 50 pounds is a fundamental duty for a DTS. The district court erred by misinterpreting Pfendler's deposition testimony regarding the lifting requirements of the position. The district court stated that "Plaintiff testified that the position required lifting more than 50 pounds," but the cited portions of Pfendler's deposition do not support the court's conclusion. Rather, Pfendler testified that he only had to "tilt" the dialysis recliners and stated that he "never had to lift one up."[2] Also, there is evidence in the record from another DTS that "the most weight he lifts on a regular basis would be about 40 lbs."

---

[2]     Pfendler also testified to lifting 50-pound bags of carbon, but only once every three years.

Although the job description's characterization that lifting 75 to 100 pounds is an "essential" function of a DTS is evidence supporting Libety's position, testimony from Pfendler and statements by another DTS are sufficient to create a factual dispute on the issue. At the summary judgment stage, if lifting more than 50 pounds was not an essential function of the job, Pfendler would have been a qualified individual, and Liberty's refusal to allow him to return to the DTS position may have been discriminatory. Alternatively, if the lifting requirement was an essential function, Pfendler may have been entitled to an accommodation that the employer waive the formal lifting condition. Therefore, the dispute about the lifting requirement was material and the district court erred in granting summary judgment to Liberty.[3]

• ● •

The judgment of the district court is **REVERSED** and **REMANDED.**

---

[3] We need not reach the other elements of a prima facie ADA claim; instead, we leave it to the district court on remand to analyze these issues in the first instance.